# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JANET K. HIGGINS, )
)
    Plaintiff, )
)
v. ) CV417-257
)
THE CITY OF SAVANNAH, )
GEORGIA; *et al.*, )
)
    Defendants. )

FILED
Scott L. Poff, Clerk
United States District Court
By tblanchard at 2:48 pm, Mar 05, 2018

## **REPORT AND RECOMMENDATION**

*Pro se* plaintiff Janet Higgins fell crossing River Street in Savannah, Georgia. Doc. 1-2 at 12, ¶ 12. She contends that the City of Savannah and various individual defendants are responsible for her injury. *See* doc. 1-2 at 10-33 (Complaint). Defendants removed the action to this Court. *See* doc. 1 (Notice of Removal). Plaintiff seeks remand, along with various other relief. *See, e.g.,* doc. 5 (Motion to Remand); doc. 12 (Amendment to Motion to Remand).

Defendants argue that they properly removed this case because the Court has diversity jurisdiction and none has been "properly joined and served." *See* doc. 14 at 4-6. Defendants do not argue any improper

1

joinder, but they contend that no defendant has been properly served. *Id.* at 6-7. They argue that service has not been perfected in order to avoid the effect of the "forum defendant rule," the provision of 28 U.S.C. § 1441 that precludes removal despite diversity jurisdiction, "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2). Defendants, it must be remembered, have consistently conceded that this action was originally filed in a Georgia court and that they are all Georgia citizens. *See, e.g.,* doc. 25 at 1-2.

The Court requested that defendants expand their arguments against remand and, in particular, explain further why they should avoid the effect of the forum defendant rule. Doc. 17. Defendants have responded, pressing their opposition to remand. Doc. 25. In the first place, the Court is not persuaded by the cases defendants cite in which a non-forum defendant removes a case before a forum defendant has been served. *See, e.g., North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1267-70 (M.D. Fla. 2009) (considering whether removal was proper when "at the time of removal, no forum defendant had been 'properly joined and served.'"). This is not a case in which a non-forum

defendant's removal would be proper, but for the joinder of an unserved forum defendant. There simply are *no* non-forum defendants involved in this case -- joined, served, or otherwise.[1] The Court recognizes that there is (non-binding) authority on both sides of the question of whether an unserved forum defendant might properly remove a suit against him. *Compare, e.g., Thomson v. Novartis Pharms. Corp.*, 2007 WL 1521138 at

---

[1] Defendants' own cited case points out that, although there is split authority on whether even a non-forum defendant's removal prior to service on a forum defendant is proper, "[m]any of these decisions [finding that removal was improper] . . . involved unserved forum defendants that had effected removal -- not non-forum defendants." *North*, 600 F. Supp. 2d at 1269. That court pointed out that "instances where a forum defendant removes a case involving only one defendant and instances where a non-forum defendant removes a case involving multiple defendants (of which at least one defendant is a forum defendant)" are properly distinguished. *Id.* (citing *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067 at * 5 (E.D. Pa. May 30, 2008)).

Defendants cite several other cases which support the propriety of a non-forum defendant removing a case, despite the joinder of forum defendants, before the forum defendants are served. *See Robertson v. Iuliano*, 2011 WL 453618 (D. Md. Feb. 4, 2011); *Poznanovich v. AstraZenaca Pharms, LP*, 2011 WL 6180026, at * 3 (Dec. 12, 2001) (question under consideration was "whether removal by a non-forum defendant prior to formal service on any defendant, including forum defendants, is valid."). As pointed out above and in the Court's prior order, this is simply not that case. Allowing a non-forum defendant to remove, whether there are unserved forum defendants or not, is broadly consistent with the rationale of the forum defendant rule. *See Robertson*, 2011 WL 453618 at * 3 (pointing out that allowing non-forum defendant to remove prior to service does not disrupt the "purpose" of the "'joined and served' requirement . . . to avoid gamesmanship by preventing plaintiffs from joining forum defendants to preclude federal jurisdiction.'" (quoting *Allen*, 2008 WL 2247067, at * 4)); *Poznanovich*, 2011 WL 6180026 at * 4 ("Under the unambiguous language of the statute, the presence of an unserved forum defendant does not prohibit removal by a non-forum defendant in cases where complete diversity exists. The language of the statute is clear that Congress intended § 1441(b)'s prohibition on removal to apply not merely where a forum defendant is properly joined in the action, but only where service has been effected on that forum defendant."). Allowing a forum defendant to remove a case in which there are *no* non-forum defendants is not.

* 4 (D.N.J. May 22, 2007) (noting, despite plaintiff's "colorable policy arguments that it is unjust that a properly joined defendant could monitor state court dockets and remove cases prior to being served, and that it makes little sense to provide a federal forum to an in-state defendant upon removal of a diversity case, since state courts are certainly as adept as federal courts in applying state law," holding that removal was improper "would read the words 'and served' out of the statute."), *with Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361 (N.D. Ga. 2011) (finding forum defendant's removal improper).[2] As explained in its prior Order, the Court inclines toward the reasoning in *Hawkins*, but

---

[2] Defendants attempt to distinguish *Hawkins* on the grounds that it "involved forum and non-forum defendants and the issue for determination was whether the statute required at least one defendant to be served prior to removal." Doc. 25 at 7. On the first ground, defendants are mistaken. *See Hawkins*, 785 F. Supp. 2d at 1364 (explaining "defendant is a Georgia corporation with its principal place of business located in Hall County, Georgia. Thus, defendant is a forum defendant, a resident of the state where the action was filed."). Defendants' second attempted distinction indicates a fundamental misunderstanding of the issue. The "statute" in question, both here and in *Hawkins*, is 28 U.S.C. § 1441. *Compare* doc. 1 at 3-4 (notice of removal asserting 28 U.S.C. § 1441 as the basis for removal), *with Hawkins*, 785 F. Supp. 2d at 1364 (considering removal by a forum defendant under § 1441). Given defendants' citizenship concessions, whether "the statute require[s] at least one defendant to be served prior to removal" would decide whether removal is proper here. If service on at least one defendant is required prior to removal, then this case cannot be removed -- removal is premature if no defendant has been served, and precluded by the forum defendant rule if any has.

4

there is a simpler reason why defendants' arguments against remand fail.

Defendants' argument that the City of Savannah has not been properly served because it is named in the Complaint and Summons as simply "the City of Savannah," rather than its proper corporate name "the Mayor and Aldermen of the City of Savannah," is dead on arrival. As the Court's previous order explained at some length, that argument has been properly rejected *many* times before. *See* doc. 17 at 9-12. Defendants' response to that Order adds nothing to its previous argument. Doc. 25 at 7-8 (arguing since "[t]here is no such entity as 'The City of Savannah, Georgia' . . . service of process upon the City of Savannah is improper."). Since that argument fails, the City is a defendant "properly joined and served"[3] and the forum defendant rule applies to preclude removal based on diversity jurisdiction.

Accordingly, plaintiff's motion to remand (doc. 5) should be **GRANTED**. This case should be **REMANDED** to the Superior Court of

---

[3] Defendants do not assert any other defects in the process or service on the City. Doc. 25 at 7. The Sheriff's Entry of Service, reflecting service on Mayor Eddie DeLoach on the City's behalf, is attached to defendants' response brief. Doc. 25-1 at 2. Since defendants have not identified any problems with service on the City, other than the misnomer, the Court assumes that no such defect exists or that it is waived.

Chatham County, Georgia for all further proceedings. The pending discovery and procedural motions are, therefore, **DENIED as moot**. Doc. 8 (motion seeking permission for plaintiff's husband to assist her in her *pro se* prosecution); doc. 9 (motion for entry of default); doc. 11 (motion for hearing on scheduling); doc. 18 (plaintiff's motion to limit the scope of defendants' response to remand motions); doc. 22 (motion seeking default judgment styled as "Motion in Favor of Summary Judgment"); doc. 23 (plaintiff's motion "to strike and disallow altered documents"); doc. 24 (plaintiff's motion to "strike and eliminate any and all previous discovery in this case"). Plaintiff's motion for sanctions against defense counsel (doc. 21) should be **DENIED** for failure to comply with the Federal Rule's safe-harbor provision. *See* Fed. R. Civ. P. 11(c)(2) (requiring that a motion for sanctions "be served under Rule 5, *but it must not be filed or be presented to the court* if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ." (emphasis added)). Plaintiff is free to pursue her misconduct allegations and related arguments concerning the propriety of defendants' Special Answer before the state court.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>5th</u> day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA